IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RUSSELL ROBINSON,

        Petitioner,

vs.

CIVIL ACTION NO.: CV210-036

ANTHONY HAYNES, Warden,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Russell Robinson ("Robinson"), an inmate currently confined at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, Robinson filed a Traverse. For the reasons which follow, Robinson's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Robinson was convicted in the United States District Court for the District of the Virgin Islands for Conspiracy to Possess with intent to Distribute Cocaine, in violation of 21. U.S.C. 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D); Conspiracy to Import Cocaine, in violation of 21 U.S.C. § 963; and Money Laundering Conspiracy, in violation of 18

AO 72A
(Rev. 8/82)

U.S.C. § 1956(h). (Doc. No. 7, p. 3). Robinson was sentenced to 160 months' imprisonment and five (5) years' supervised release. (Id.).

In the instant petition, Robinson asserts he has not been given enough food, he has not had access to the law library, and his facility is overcrowded. Robinson wishes for this Court to reduce his sentence by fifty percent because of these alleged conditions. Respondent asserts that Robinson is challenging the conditions of his confinement as opposed to the legality of his confinement and therefore his claim is not properly brought under 28 U.S.C. § 2241.

## DISCUSSION AND CITATION TO AUTHORITY

Courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982). A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional

punishment not imposed as part of their sentence, such as, for example, improper designation of place of confinement, are civil rights actions, not habeas actions. See Olim v. Wakinekona, 461 U.S. 238 (1983) (Plaintiff's complaint about improper security designation and prison transfer was properly filed as a 42 U.S.C. § 1983 claim); see also, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Robinson filed this cause of action pursuant to 28 U.S.C. § 2241. (Doc. No. 1, p. 1). Robinson avers that the facility where he is housed is overcrowded, that he isn't given enough food, and that he does not have access to the law library. The true nature of Robinson's contentions appear to be based upon alleged civil rights violations. See Fernandez-Roque, 671 F.2d at 429. As such, these contentions properly lie within the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which authorize an inmate to bring claims for a violation of his constitutional rights by a federal actor.

Robinson is not challenging his conviction or the sentence imposed upon him, but rather asks this Court to change the duration of his incarceration based upon the alleged conditions of his confinement. Robinson's request that this Court usurp the sentencing court and Bureau of Prisons' authority to determine the length of his confinement cannot be granted. An inmate's claim that the conditions of his confinement are unlawful, even if proven, would entitle him to a correction of the unconstitutional conditions—not a release from custody. Gomez v. United States, 899 F.2d 1124, 1125-26 (11th Cir. 1990). Should Petitioner wish to pursue his civil rights claims, he may do so by filing a cause of action pursuant to § 1331 and Bivens.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 19th day of July, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE